**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNNY GAVINO BRIONES,<br><br>Petitioner,<br><br>v.<br><br>PEOPLE OF THE STATE OF CALIFORNIA; PLEASANT VALLEY STATE PRISON,<br><br>Respondents. | Case No. 1:14-CV-00105-SMS  HC<br><br>ORDER DISMISSING THE PETITION FOR WRIT OF HABEAS<br><br>(Doc. Nos. 1, 7, 9, 10, 11) |

Petitioner is a state prisoner proceeding *pro se* and *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Pursuant to 28 U.S.C. 636(c)(1), Petitioner has consented to the jurisdiction of the United States Magistrate Judge to conduct all further proceedings in the case, including the entry of final judgment, by manifesting his consent in a writing signed by Petitioner and filed by Petitioner on February 7, 2014.  Pending before the Court is the petition, which was filed on January 24, 2014 (Clerk's Doc. No. 1), Petitioner's Motion to Appoint Counsel filed March 27, 2014 (Clerk's Doc. No. 7), Petitioner's "Summons Complaint Pleasant Valley State Prison to Send Property" filed April 9, 2014 (Clerk's Doc. No. 9), Petitioner's Motion for Appointment of Counsel on Petition for Writ of Habeas Corpus and Memorandum in Support of Motion filed April 11, 2014 (Clerk's Doc. No. 10), and Petitioner's Motion "Requesting Appoint of Attorney in this Case" filed April 21, 2014 (Clerk's Doc. No. 11).

1

# DISCUSSION

## I.   Screening the Petition

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (Habeas Rules) requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court...." Habeas Rule 4; *O'Bremski v. Maass,* 915 F.2d 418, 420 (9th Cir.1990); see also *Hendricks v. Vasquez,* 908 F.2d 490 (9th Cir.1990).

Habeas Rule 2(c) requires that a petition 1) specify all grounds of relief available to the Petitioner; 2) state the facts supporting each ground; and 3) state the relief requested. Notice pleading is not sufficient; rather, the petition must state facts that point to a real possibility of constitutional error. Rule 4, Advisory Committee Notes, 1976 Adoption; *O'Bremski v. Maass,* 915 F.2d at 420 (quoting *Blackledge v. Allison,* 431 U.S. 63, 75 n. 7, 97 S.Ct. 1621, 52 L.Ed.2d 136 (1977)). Allegations in a petition that are vague, conclusory, or palpably incredible are subject to summary dismissal. *Hendricks v. Vasquez,* 908 F.2d at 491. Further, the Court may dismiss a petition for writ of habeas corpus either on its own motion under Habeas Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Advisory Committee Notes to Habeas Rule 8, 1976 Adoption; see, *Herbst v. Cook,* 260 F.3d 1039, 1042–43 (9th Cir.2001).

A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. *Jarvis v. Nelson,* 440 F.2d 13, 14 (9th Cir.1971).

Here, Petitioner alleges that he is an inmate of Pleasant Valley State Prison who in or about February 3, 2006, was sentenced to a thirteen-year, 4 month sentence for stalking and two counts of criminal threats. Petitioner alleges he is actually innocent, that the victim made false accusations

2

and statements against him, and argues that his trial counsel provided ineffective assistance. Petitioner admits that he did not appeal his conviction. Petitioner has previously filed five petitions for a writ of habeas corpus asserting the "same [claims] as from writ petition," and the state courts have denied all previous petitions. *See In re Johnny Gavino Briones*, Superior Court of California Case Nos. 06CRWR678105, 06CRWR678171, 07CRWR678562, 07CRWR678620, and 12CRWR680961. On June 19, 2013, Petitioner filed a "Petition for Writ of Habeas Corpus" in the Court of Appeal of the State of California, Fifth Appellate District, which that Court denied. *See In re Johnny G. Briones*, F067432 (Cal. Ct. App. July 8, 2013). Petitioner has not raised this claim in a Petition for Review to the California Supreme Court.

## II.     Failure to Exhaust State Court Remedies

A petitioner who is in state custody and wishes to challenge collaterally a conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. *Coleman v. Thompson,* 501 U.S. 722, 731, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991); *Rose v. Lundy,* 455 U.S. 509, 518, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982); *Buffalo v. Sunn,* 854 F.2d 1158, 1162–63 (9th Cir.1988). A petitioner can satisfy the exhaustion requirement by providing the highest state court with the necessary jurisdiction a full and fair opportunity to consider each claim before presenting it to the federal court, and demonstrating that no state remedy remains available. *Picard v. Connor,* 404 U.S. 270, 275–76, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971); *Johnson v. Zenon,* 88 F.3d 828, 829 (9th Cir.1996). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. *Duncan v. Henry,* 513 U.S. 364, 365, 115 S.Ct. 887, 130 L.Ed.2d 865 (1995) (legal basis); *Kenney v. Tamayo–Reyes,* 504 U.S. 1, 9–10, 112 S.Ct. 1715, 118 L.Ed.2d 318 (1992), *superseded by statute as stated in Williams v. Taylor,* 529 U.S. 362, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000) (factual basis).

Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. *Duncan,* 513 U.S. at 365–66; *Lyons v. Crawford,* 232 F.3d 666, 669 (9th Cir.2000), amended, 247 F.3d 904 (9th Cir.2001); *Hiivala v. Wood,* 195 F.3d 1098, 1106 (9th Cir.1999); *Keating v. Hood,* 133 F.3d 1240, 1241 (9th Cir.1998). In *Duncan,* the United States Supreme Court reiterated the rule as follows:

> In *Picard v. Connor,* 404 U.S. 270, 275, 92 S.Ct. 509, 30 L.Ed.2d 438 ... (1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "'opportunity to pass upon and correct' alleged violations of the prisoners' federal rights" (some internal quotation marks omitted). If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

*Duncan,* 513 U.S. at 365–366.

The Ninth Circuit examined the rule further in *Lyons v. Crawford,* 232 F.3d 666, 668–69 (9th Cir.2000), as amended by *Lyons v. Crawford,* 247 F.3d 904, 904–05 (9th Cir.2001), stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court unless he specifically indicated to that court that those claims were based on federal law. *See, Shumway v. Payne,* 223 F.3d 982, 987–88 (9th Cir.2000). Since the Supreme Court's decision in *Duncan,* this court has held that the petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident," *Gatlin v. Madding,* 189 F.3d 882, 889 (9th Cir.1999) (citing *Anderson v. Harless,* 459 U.S. 4, 7, 103 S.Ct. 276, 74 L.Ed.2d 3 ... (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds, see, *e.g., Hiivala v. Wood,* 195 F.3d 1098, 1106–07 (9th Cir.1999); *Johnson v. Zenon,* 88 F.3d 828, 830–31 (9th Cir.1996); *Crotts*, 73 F.3d at 865.
>
> In *Johnson,* we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

*Lyons v. Crawford,* 232 F.3d 666, 668–69 (9th Cir.2000), as amended by *Lyons v. Crawford,* 247 F.3d 904, 904–05 (9th Cir.2001).

Where none of a petitioner's claims has been presented to the highest state court as required by the exhaustion doctrine, the Court must dismiss the petition. *Raspberry v. Garcia,* 448 F.3d

4

1150, 1154 (9th Cir.2006); *Jiminez v. Rice,* 276 F.3d 478, 481 (9th Cir.2001).  The authority of a court to hold a mixed petition in abeyance pending exhaustion of the unexhausted claims has not been extended to petitions that contain no exhausted claims. *Raspberry,* 448 F.3d at 1154.

Here, Petitioner admits that he has not exhausted state court remedies as to any of the claims stated in the petition before the Court.

Although non-exhaustion of state court remedies has been viewed as an affirmative defense, it is established that it is the petitioner's burden to prove that state judicial remedies were properly exhausted.  28 U.S.C. § 2254(b)(1)(A); *Darr v. Burford,* 339 U.S. 200, 218–19, 70 S.Ct. 587, 94 L.Ed. 761 (1950), *overruled in part on other grounds* in *Fay v. Noia,* 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963); *Cartwright v. Cupp,* 650 F.2d 1103, 1104 (9th Cir.1981).  If available state court remedies have not been exhausted as to all claims, a district court must dismiss a petition. *Rose v. Lundy,* 455 U.S. 509, 515–16, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982).

Here, Petitioner's petition is premature because Petitioner admits that he has not obtained a decision from the California Supreme Court and has not submitted his claim or claims to the California Supreme Court for a ruling.  Therefore, it is concluded that Petitioner failed to meet his burden to establish exhaustion of state court remedies.  Accordingly, the petition should be dismissed without prejudice for failure to exhaust state court remedies.[1]

**III.    Certificate of Appealability**

---

[1] A dismissal for failure to exhaust is not a dismissal on the merits, and Petitioner will not be barred by the prohibition against filing second habeas petitions set forth in 28 U.S.C. § 2244(b) from returning to federal court after Petitioner exhausts available state remedies. *See, In re Turner,* 101 F.3d 1323 (9th Cir.1996).  However, the Supreme Court has held as follows:
> [I]n the habeas corpus context is would be appropriate for an order dismissing a mixed petition to instruct an applicant that upon his return to federal court he is to bring only exhausted claims. See Fed. Rules Civ. Proc. 41(a) and (b). Once the petitioner is made aware of the exhaustion requirement, no reason exists for him not to exhaust all potential claims before returning to federal court. The failure to comply with an order of the court is grounds for dismissal with prejudice. Fed. R. Civ. P. 41(b).

*Slack v. McDaniel,* 529 U.S. 473, 489, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000).  Therefore, Petitioner is forewarned that in the event he returns to federal court and files a mixed petition of both exhausted and unexhausted claims, the petition may be dismissed with prejudice.

Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the Court of Appeals from the final order in a habeas proceeding in which the detention complained of arises out of process issued by a state court. 28 U.S .C. § 2253(c)(1)(A); *Miller–El v. Cockrell,* 537 U.S. 322, 336, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003).  A district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. *See* Habeas Rule 11(a).  A certificate of appealability may issue only if the applicant makes a substantial showing of the denial of a constitutional right.  § 2253(c)(2). Under this standard, a petitioner must show that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further. *Miller–El v. Cockrell,* 537 U.S. at 336 (quoting *Slack v. McDaniel,* 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000)).  A certificate should issue if the Petitioner shows that jurists of reason would find it debatable whether: (1) the petition states a valid claim of the denial of a constitutional right, and (2) the district court was correct in any procedural ruling. *Slack v. McDaniel,* 529 U.S. 473, 483–84, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000).

In determining this issue, a court conducts an overview of the claims in the habeas petition, generally assesses their merits, and determines whether the resolution was debatable among jurists of reason or wrong. *Id.*  An applicant must show more than an absence of frivolity or the existence of mere good faith; however, the applicant need not show that the appeal will succeed. *Miller–El v. Cockrell,* 537 U.S. at 338.

Here, it does not appear that reasonable jurists could debate whether the petition should have been resolved in a different manner. Petitioner has not made a substantial showing of the denial of a constitutional right.

Accordingly, the Court should decline to issue a certificate of appealability.

### IV. Conclusion and Order

Accordingly, the Court HEREBY ORDERS:

1. Petitioner Johnny Gavino Briones's petition (Clerk's Doc. No. 1) is **DISMISSED WITHOUT PREJUDICE** for failing to state facts entitling Petitioner to habeas corpus relief and for Petitioner's failure to exhaust state court remedies;

2. The Court **DECLINES** to issue a certificate of appealability;

3. Petitioner's Motion to Appoint Counsel (Clerk's Doc. No. 7), Petitioner's "Summons Complaint Pleasant Valley State Prison to Send Property" (Clerk's Doc. No. 9), Petitioner's Motion for Appointment of Counsel on Petition for Writ of Habeas Corpus (Clerk's Doc. No. 10), and Petitioner's Motion "Requesting Appoint of Attorney in this Case" (Clerk's Doc. No. 11), and any other pending motions, if any, are **DISMISSED** as moot; and

4. The Clerk is **DIRECTED** to close the case because dismissal will terminate the proceeding in its entirety.

IT IS SO ORDERED.

Dated: **June 4, 2014**               /s/ Sandra M. Snyder
                                    UNITED STATES MAGISTRATE JUDGE